WHATLEY, Judge.
Nora Jean Dowling, the former wife, appeals an order granting a motion to enforce the final judgment of dissolution of marriage filed by her former husband, James Henry Dowling. Nora Dowling raises three points on appeal. We agree with her argument that the evidence presented at the hearing’on the above motion does not support the trial court’s finding that she violated the terms of the final judgment of dissolution of marriage, and we therefore reverse.
The motion was based on the following provision in the final judgment regarding the parties’ former marital home:
As agreed by the parties, the Wife shall have full title and ownership to that certain real property ... which is titled in the name of the Husband. The Wife shall assume any indebtedness pertaining to the said real property, and hold the Husband harmless therefrom. Hereafter, [i]n the event the Wife defaults on the mortgage pertaining to the said real property for a period exceeding thirty (30) days, then, in that event, the said real property shall revert back to the Husband and be his absolutely. The said default provision shall terminate as soon as the Wife refinances the existing mortgage pertaining to the said real property in order to release the Husband therefrom.
*492 The trial court found that Nora Dowling violated this paragraph on at least four occasions between August 2002 and June 2003, because she failed to pay the mortgage in a timely manner. It further found that Nora Dowling testified that she was aware of her obligation to make timely payments but failed to do so. Consequently, the trial court ordered that the property revert back to James Dowling.[1]
A review of the transcript shows that Nora Dowling did admit that she failed to timely make the mortgage payments on at least four occasions; however, the above provision of the final judgment provides that the property will only revert back to James Dowling if she defaults on the mortgage for a period exceeding thirty days. Nora Dowling never agreed that she was more than thirty days late in paying the mortgage.
Although James Dowling presented several bank statements at the hearing, only one is included in the record. The trial court relied on this statement in concluding that Nora Dowling was in breach of the final judgment. The statement, dated April 29, 2003, reflects that the next mortgage payment for the amount of $749.82 was due on May 1, 2003, and there was a past due amount of $1387. The trial court found that this statement indicated that the mortgage was two months in arrears. There are two problems with this finding.
First, assuming that the monthly payment due on April 1 was $749.82,[2] then if the mortgage was two months in arrears as found by the trial court, the past due amount would be at least $1499.64, not $1387. There is nothing in the record to indicate why $637.18 was added to the past due amount. Second, the statement was dated April 29 and Nora Dowling would not have been in default on her April 1 payment, pursuant to the final judgment, until more than thirty days after the payment was due, which would have been May 2, 2003. There is no evidence in the record that Nora Dowling did not make the monthly payment before May 2, 2003. Nora Dowling attempted to show the trial court receipts for payments she had made on the loan, but the trial court refused to consider them. Nora Dowling testified that at the time of the hearing, the mortgage balance had been brought up to date. James Dowling did not contradict this statement. Because the evidence does not support the trial court’s finding that Nora Dowling defaulted on the mortgage for a period exceeding thirty days, we conclude that the trial court abused its discretion in ordering that ownership of the marital home revert back to James Dowling. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
Further, we are troubled by evidence indicating that James Dowling did not permit the bank to send Nora Dowling monthly mortgage statements showing the amount due on the loan and the balance of the loan. On remand, James Dowling should be required to request the mortgage company to provide Nora Dowling with information concerning the loan. Nora Dowling testified that she never received any statements from the bank and when she called the bank, it refused to provide any information to her because her name was not on the loan. Nora Dowling alleged that, because she never received the statements, she did not realize that there had been an outstanding late loan *493 payment before the final judgment was entered on August 30, 2002.[3]
The order granting the motion to enforce the final judgment of dissolution of marriage is reversed and the cause is remanded for further proceedings consistent with this opinion.
Reversed and remanded.
DANAHY, PAUL W., Senior Judge, concurs.
ALTENBERND, C.J., concurs with opinion.

. Nora Dowling and the parties' minor daughter were residing in the home.

. The April statement indicated that the monthly payment of $749.82 included a $56.32 late charge.

. This allegation is supported by Mr. Dowl-ing’s first motion to enforce the judgment which was filed on September 10, 2002, and contended that Mrs. Dowling failed to make monthly payments on the home and that the home was under the threat of foreclosure. Assuming that Mrs. Dowling’s first payment was due on September 1, 2002, the first day after the final judgment was entered, her failure to send a payment by September 10 would not have resulted in a threat of foreclosure. Unfortunately, the final judgment does not specify the date on which Mrs. Dowling was to assume responsibility for the loan payments.